STATE, Defendant in Error, v. MARTIN EDWARDS *et al.*, Plaintiffs in Error.

*Crimes.*—To constitute the offence of disturbing religious worship, under the Act, R. C. 1855, p. 630, § 30, it must appear that the acts charged as constituting the offence took place when the congregation were assembled for worship.

*Error to Christian Circuit Court.*

The defendants were indicted at the September term for the year 1860, of the Christian Circuit Court.

The indictment contains two counts, the first charging defendants with disturbing a congregation met for religious worship, and founded on the 30th section of the 8th article of the act concerning crimes and their punishment. (R. C. 1855, vol. 4, p. 630.) The second count is founded on the 15th section of the 7th article of said act, (p. 620,) and charges defendants with disturbing the peace of certain families in said county.

The defendants appeared and demurred to the indictment; but the court declined to pass upon the demurrer. The circuit attorney entered a *nolle prosequi* as to the second count. A jury was called and a trial had, which resulted in a verdict of guilty.

The court gave the following instructions on behalf of the State:

1. If the jury believe from the facts and circumstances in proof in this case, that the defendants, in the county of Chris-

tian, within one year before the finding of this indictment, were guilty of rude behavior, or were guilty of making a noise, or were guilty of using profane language, within a place of worship or near such place of worship, whereby an assembly of people met for religious worship, or any portion thereof were disturbed, they must find the defendants guilty on the first count in the indictment; if the jury further believe that such act or acts were either wilfully, or maliciously, or contemptuously done.

2. Wilfully signifies intentionally, not accidentally.

3. Circumstantial testimony is legal testimony, and wherever such testimony satisfies the minds of the jurors to a reasonable certainty of the guilt of the accused, such testimony is then sufficient to warrant a conviction for the highest crimes known to the laws.

4. Malice in law denotes a wrongful act done intentionally, without just cause or excuse.

5. To constitute the offence in this cause, it is not necessary that the assembly of people should be engaged in religious worship when the disturbance takes place. It is sufficient if the assembly have met for religious worship.

To these instructions defendant objected.

The defendants then filed their motion in arrest of judgment, which was overruled, and the defendants excepted.

*Welch*, attorney general, for the State.

I. The court did not err in overruling the motion of defendants to set aside the verdict and the motion in arrest of judgment. If different felonies or misdemeanors be stated in several counts of an indictment, no objection can be made to the indictment on that account in point of law. In cases of felony, the judge, in his discretion, may require the State to select one of the felonies, and confine herself to that. But this is only putting the State to her election. The indictment will still be good. But this practice has never been extended to misdemeanors. (1 Chitty's Crim. Law, 95; 2 Campb. 132; 5 Burr, 984; Redman v. State, 1 Blackf. 431; Commonwealth v. Gillespie, 7 Serg. & R. 469.)

Neither is it any sufficient ground to set aside the verdict in the cause, or to arrest the judgment upon the first count of the indictment, in which the defendants are charged with a disturbance of religious worship, several acts of disturbance are alleged.

The offence consists in the disturbance of a congregation met for religious services, and the different acts committed by the defendants in making such disturbance are only the means to that end, and evidences of the offence charged. If these different acts, making such disturbances, are alleged in any count in the indictment to have been committed at any one time and place, such count is not bad for duplicity. (1 Arch. Crim. Prac. 95 & 96; 2 Burr, 983; State v. Porter, 26 Mo. 206.)

BATES, Judge, delivered the opinion of the court.

The indictment contained two counts: the first for a disturbance of public worship, and the second for riotously disturbing the peace of families. The defendants demurred to the indictment. The circuit attorney entered a *nolle prosequi* as to the second count of the indictment, and the court refused to decide the demurrer, and compelled the defendant to go to trial.

The court erred in refusing to decide the demurrer. The remaining count of the indictment was good, and the demurrer should have been overruled.

The evidence preserved in the record shows that the acts charged as constituting the offence of disturbing a congregation or assembly of people met for religious worship, took place at a camp meeting, at night, after the congregation or assembly had dispersed, and the people had retired to their places of temporary abode. In remanding the case, it is proper to say that the acts committed at that time did not constitute the offence charged in the indictment.

Judgment reversed, and cause remanded. Judges Bay and Dryden concur.